UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENICE CLOUSE,

    Plaintiff,

v.                                              Case No. 8:23-cv-2514-TPB-AAS

OUTBACK STEAKHOUSE
BRANDON,

    Defendant.
_____/

**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff Jenice Clouse's complaint. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

In her complaint, Plaintiff asserts that her former employer, Defendant Outback Steakhouse Restaurant, terminated her on April 6, 2023. She appears to claim that the reason given for her termination was untrue, and that Defendant wanted to "be rid of Plaintiff because of Plaintiff's exercise of her First Amendment rights."[1] Plaintiff complains of offensive communications by another Outback employee at the restaurant, and generally mentions "daily sexual harassment" but

---

[1] The Court notes that the First Amendment does not appear to be implicated here because there is no allegation that Defendant is a state actor or otherwise engaged in "state action." *See, e.g.*, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988). It also does not appear that she can plausibly make such allegation about Defendant, a private party.

fails to factually explain the harassment and who committed the harassment with enough specificity.

Plaintiff mentions that she made complaints with the Equal Employment Opportunity Commission ("EEOC"), although it is unclear when these complaints were made or what these complaints were based on. Plaintiff also does not indicate that she received a right to sue letter. Plaintiff seeks "financial compensation due to damages of emotional distress and bills lapse due to lack of employment."

As an initial matter, the Court notes that Plaintiff failed to serve Defendant within ninety days, so the Court directed her to file a return of service. In response, Plaintiff filed a return of service for case 23-cv-2541-SDM-AEP (M.D. Fla. 2023), which is a different case filed by Plaintiff against a different defendant. The return of service in 23-cv-2541 is invalid as to this case.[2]

Before directing proper service, the Court has undertaken a review of the complaint and finds that the complaint fails to comply with the Federal Rules of Civil Procedure and Local Rules of this Court. First, Rule 10(b) of the Federal Rules of Civil Procedure provides that a party's claims must be stated in separately numbered paragraphs, although earlier paragraphs may be incorporated by reference. The rule implicitly contemplates a single, sequential numbering of

---

[2] The Court notes that the return of service filed by Plaintiff here reflects that it was served by a United States marshal. However, Plaintiff should have not applied to the Marshal for service of the summons and complaint; she needs a court order to do so. *See* Fed. R. Civ. P. 4(c)(3). Should this case proceed, Plaintiff will not be permitted to have a United States marshal serve Defendant without prior authorization of the Court.

paragraphs. Plaintiff's complaint includes sections using roman numerals, but it does not follow the requirement of separately numbered paragraphs.

Second, Plaintiff does not set forth any causes of action in her complaint. She must plead her complaint in separate claims for relief and include no more than one claim for relief in each count of her complaint. Above each count, in the form of a title or heading, she must name the claim for relief that the count alleges and whether the claim is based on federal or state law.

The complaint is also not a short, plain statement of the facts that would provide adequate notice to a defendant of the claims against it. The complaint is vague as to the parties and persons involved, the events that occurred, and the relevant dates. As drafted, the complaint is largely incoherent since Plaintiff fails to specifically state who discriminated or retaliated against her and how, and how the alleged conduct harmed her.

Because the complaint is facially insufficient and woefully inadequate, it is dismissed without prejudice, with leave to amend. Plaintiff is advised that even pro se plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of

Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend to cure the defects identified in this Order.

2. Plaintiff is directed to file an amended complaint on or before April 10, 2024.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 20th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**